# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **J.M.**

**No. 19-0767** (Raleigh County 18-JA-198-P)

**FILED**

**March 13, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father K.W., by counsel Thomas H. Evans III, appeals the Circuit Court of Raleigh County's July 16, 2019, order terminating his parental rights to J.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem, Winifred L. Bucy, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights upon insufficient findings.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2018, the DHHR filed an abuse and neglect petition against the parents alleging that the mother suffered psychiatric issues that placed the child in danger. According to the petition, as a result of the mother's psychiatric issues, she admitted having thoughts of harming the child because "the voices" told her to "kill [her] baby" and have sex with the child. Additionally, the petition alleged that petitioner, the child's putative father, abandoned her. At the subsequent preliminary hearing, petitioner's counsel moved for paternity testing in regard to petitioner, who did not appear for the hearing.[2]

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner lived in North Carolina at all times relevant to this appeal.

1

During a hearing in November of 2018, at which point the results of paternity testing had not yet been obtained, the parties indicate that the mother testified that petitioner was homeless, had never paid child support, and had never seen the child. As the matter progressed, the circuit court was presented with evidence that petitioner's continued absence in the proceedings was in spite of the fact that both petitioner's counsel and the mother provided him notice of hearings. Additionally, the record shows that paternity testing was arranged for petitioner in North Carolina on multiple occasions, but that he failed to submit to the testing. Ultimately, after months of petitioner's lack of participation or compliance, the circuit court found that petitioner "ha[d] not taken on and asserted his right to visit the child or help take care of the child" and that he "ha[d] not provided any financial support for the child." Accordingly, the circuit court found that petitioner abandoned the child and adjudicated him as a result of this conduct at a hearing in April of 2019.[3]

In May of 2019, petitioner appeared in the proceedings and submitted to paternity testing, which established that he is the child's father. During the July of 2019 dispositional hearing, petitioner appeared and asserted, through counsel's proffer, that he was fit to obtain custody of the child, although he continued to deny the abandonment upon which he was adjudicated. Additionally, the DHHR and the guardian both argued that petitioner's failure to contact the child or otherwise provide her with support, coupled with petitioner's failure to participate in the proceedings, illustrated the need to terminate petitioner's parental rights. After hearing the arguments of the parties, the circuit court ultimately found that petitioner's abandonment and the child's best interests necessitated termination of his parental rights, which it ordered.[4] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

---

[3]Petitioner was not present for this hearing but was represented by counsel.

[4]The mother's parental rights were also terminated below. According to the parties, the permanency plan for the child is adoption in the current foster home.

On appeal, both of petitioner's assignments of error are predicated on the allegation that the circuit court failed to make appropriate findings of fact in regard to the findings necessary for termination of his parental rights. Specifically, petitioner argues that the circuit court did not find that there was no reasonable likelihood he could substantially correct the conditions of abuse and neglect in the near future or that termination was necessary for the child's welfare, as required by West Virginia Code § 49-4-604(b)(6). Upon our review, we find that the necessary findings were made and were based upon substantial evidence.

In regard to the first finding as to whether there was a reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect in the near future, we find that, while succinct, the circuit court made the requisite finding. Specifically, the circuit court's dispositional order indicated that petitioner was "adjudicated of abuse [and] neglect through his abandonment of the infant." What petitioner fails to recognize on appeal is that this finding is directly in keeping with West Virginia Code § 49-4-604(c)(4), which provides as follows:

> As used in this section, "No reasonable likelihood that conditions of neglect or abuse can be substantially corrected" means that, based upon the evidence before the court, the abusing adult or adults have demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help. Those conditions exist in the following circumstances, which are not exclusive:
>
> . . . .
>
> (4) The abusing parent or parents have abandoned the child[.]

Given that petitioner's abandonment[5] of the child constituted a circumstance in which there is no reasonable likelihood a parent can substantially correct the conditions of abuse and neglect in the near future, it is clear that the circuit court made the requisite finding in this regard. Even more importantly, at the dispositional hearing, petitioner's counsel specifically indicated that petitioner was "still denying the allegations of abandonment as alleged in the petition." This establishes that petitioner was incapable of remedying the conditions of abuse and neglect upon which he was adjudicated. *See In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) ("Failure to

---

[5]On appeal, petitioner does not challenge his adjudication as an abusing parent upon the circuit court's finding that he abandoned the child. He does, in passing, state that he and the mother "obviously had an agreement as to support of this child and this claim of abandonment was never stated until the State became involved." This passing reference to his belief that he did not abandon his child, however, is insufficient to preserve any arguments related to the circuit court's adjudication of petitioner as an abusing parent and, to the extent petitioner is attempting to assert such a claim, we decline to address this assertion on appeal. *See* W. Va. R. App. Proc. 10(c)(7) (requiring that a petitioner's brief "must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error" and permitting the Court to disregard errors with inadequate support).

acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect . . . , results in making the problem untreatable . . . .") (citation omitted).

In relation to the circuit court's finding that termination of petitioner's parental rights was necessary for the child's welfare, we similarly find no error. At the outset, it is important to note that Rule 36(a) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings sets forth the following in regard to disposition: "At the conclusion of the disposition hearing, the court shall make findings of fact and conclusions of law, in writing *or on the record*, as to the appropriate disposition in accordance with the provisions of W. Va. Code § 49-4-604." (Emphasis added). Additionally, although petitioner cites to cases wherein this Court has vacated dispositional orders for insufficient findings, he fails to recognize that our holdings have reiterated that findings made on the record are sufficient. *See* Syl. Pt. 4, in part, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001) ("Where a trial court order terminating parental rights merely declares that there is no reasonable likelihood that a parent can eliminate the conditions of neglect, without explicitly stating factual findings in the order *or on the record supporting such conclusion* . . . the order is inadequate.") (emphasis added). As such, it is clear that the findings of fact necessary to support termination of parental rights can be sufficient, as long as they are made on the record or in the dispositional order.

Here, the circuit court found several times at the dispositional hearing that it was ordering termination of petitioner's parental rights because it was in the child's best interests. This finding was based on extensive evidence of petitioner's failure to ever visit the child or otherwise provide her with support, even though petitioner was aware of the child and claimed to have an arrangement with the mother in which he would provide her with support if she requested it. Even more egregious is the fact that upon being made aware of the child's removal from the mother's care, he failed to timely involve himself in the proceedings in order to secure custody of the child. Indeed, the record shows that petitioner failed to timely engage in the proceedings for purposes of establishing paternity, despite the fact that the DHHR arranged for at least two paternity tests to occur in petitioner's home state of North Carolina. In fact, at the dispositional hearing, counsel for the DHHR indicated that petitioner had not "had any contact with the Department at all with respect to this child." In short, petitioner's total abdication of any and all responsibility for the child supports the circuit court's finding that termination of his parental rights was necessary for the child's welfare. While petitioner argues on appeal that "he was then and remains ready and willing to take custody of his daughter" as evidenced by the fact that "he has custody of his other children in . . . North Carolina," this assertion is insufficient to establish error on the part of the circuit court. That petitioner may be capable of caring for other children currently in his custody has no bearing on the fact that he abandoned the child at issue in this appeal and took no steps to correct that circumstance in order to obtain custody of her. As such, it is clear that the circuit court found that termination of petitioner's parental rights was necessary for the child's welfare and that finding was based on substantial evidence.

Given that we find no error in the sufficiency of the circuit court's findings regarding the fact that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse or neglect in the near future and that termination was necessary for the child's welfare, we similarly find no error in the termination of petitioner's parental rights. We have long held that

"[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As such, we find that petitioner is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 16, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: March 13, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins

**DISQUALIFIED:**

Justice John A. Hutchison